WATKINS, Judge.
This is an action for workmen’s compensation for injuries sustained by Charles F. Morris, Jr., in the course of his employment with Hunter Chemical while either lifting a sack of chemicals or using a pallet pusher. The trial court rendered judgment for defendants, assigning written reasons for judgment, which we quote in full, and adopt as our decision:
“This is a workmen’s compensation suit. The plaintiff, Charles Freddie Morris, Jr., claims that on February 26, 1979, he hurt his back while working for his employer Hunter Chemicals. He asserts that he is now presently totally disabled to do any work and will experience a partial permanent disability if his back heals. The defendants deny that he was injured or that he is disabled.
“The court finds that there are a number of inconsistencies between the plaintiff’s allegations in his petition and his testimony. First, he contends in Para *1332 graph 4 of his petition that he ‘suffered an injury to his back ... when he was lifting a heavy sack of chemicals or merchandise weighing more than 300.’ Yet in his testimony he stated that the injury resulted when a ‘pallet pusher’ he was using slipped causing him to fall and cut his wrist and injure his upper right shoulder. Morris testified that he thereupon told his supervisor, Randy Polk about the injury. To the contrary, Polk who was called by the plaintiff on direct examination denied that Morris told him that he got hurt. Polk said that Morris was fired on the day in question because of incompetency. While it may be true Polk still works for Hunter Chemical and that fact may influence his testimony, nonetheless the plaintiff called him as his witness and therefore he vouched for the accuracy of his testimony. There was no hint of surprise such as could be the foundation of impeachment. Moreover, the court has scrutinized the testimony of both of the doctors who examined the plaintiff following the alleged injury and neither found any objective signs of injury. The court is inclined to think that there is a strong probability that the injuries suffered by the plaintiff in an earlier automobile accident are being used by him as a foundation for this claim. In the final analysis, the evidence casts a serious doubt concerning whether an injury was suffered by the plaintiff in the fashion described by him.
“Accordingly, the court finds that he has not established his claim sufficiently to recover and his suit is dismissed at his cost. The expert witness fees of Drs. L. J. Messina, Wyman Walker, and Richard Bolton are set at $50.00 each and are ■taxed as costs.
“Judgment will be signed accordingly.”
We have carefully reviewed the pleadings, the transcript of testimony and exhibits and have come to the conclusion that the trial court is correct in its analysis of the testimony and its weighing of the credibility of witnesses. See Arceneaux v. Dominque, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.